869 F.2d 1492
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul G. NORMAN, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3696.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1989.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Petitioner Norman moves for in forma pauperis status in this petition for review of the Benefits Review Board's decision denying benefits in this Black Lung Benefits Act case. 30 U.S.C. Secs. 901 et seq. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Norman worked in the coal mines in Kentucky for a period of years. He suffers from a heart condition and currently receives state workers' compensation benefits. He filed his claim in 1972 and pursued his administrative remedies. He received a hearing before an Administrative Law Judge (ALJ), who denied his claim for benefits. The Benefits Review Board (Board) agreed with the ALJ's decision.
 
 
 4
 The standard of review in black lung cases is whether substantial evidence supports the decision of the ALJ. Clark v. Director, OWCP, 838 F.2d 197, 200 (6th Cir.1988). Here the ALJ held that Norman only worked seven and one-half years in the coal mines. Therefore, Norman did not qualify for the presumption in 20 C.F.R. Sec. 727.203. Based upon the evidence from the Social Security Administration and upon Norman's own admissions in his claim form, we agree that substantial evidence supports this conclusion. See Director, OWCP v. Congleton, 743 F.2d 428, 429-30 (6th Cir.1984); Couch v. Secretary of HHS, 774 F.2d 163, 166 (6th Cir.1985).
 
 
 5
 The ALJ also held that Norman did not establish that he was totally disabled due to black lung disease as required by 20 C.F.R. Sec. 410.410(b). In this case, the chest x-rays, the ventilatory studies, the blood-gas tests, and the medical reports do not show any evidence that black lung disease caused Norman's medical problems. Therefore, substantial evidence does not support the ALJ's decision to deny benefits.
 
 
 6
 The Director argues that the appropriate regulations are contained in 20 C.F.R. Part 718. To support his proposition, the Director relies on Tabler v. Director, OWCP, No. 87-3575 (6th Cir. Apr. 21, 1988). We believe Tabler can be distinguished from the present case, because Tabler allowed his first claim for benefits to lapse and filed a second claim for benefits in 1981. Tabler's second claim for benefits clearly fell under Part 718. In the instant case, Norman's initial claim did not lapse. In any event, however, the error in this entire argument is irrelevant, and the application of regulations, if any, may be deemed harmless because the record does not establish any element of entitlement under either Part 410 or Part 718.
 
 
 7
 The motion for in forma pauperis status is granted. The decision of the Board is affirmed under Rule 9(b)(5), Rules of the Sixth Circuit, because the issues are not substantial and do not require oral argument.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation